United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-2920NI

Gina Poe,

   Appellant,

  v.

Domino's Pizza, Inc.,

   Appellee.

         On Appeal from the United
         States District Court
         for the Northern District
         of Iowa.

_____

Submitted: February 10, 1998

Filed: March 20, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, HANSEN, Circuit Judge, and LIMBAUGH,[*] District Judge.

_____

RICHARD S. ARNOLD, Chief Judge.


  Gina Poe brought this lawsuit against Domino's Pizza after she was abducted and raped by James Sturtz, a Domino's employee. She alleges, inter alia, negligent

_____

[*]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri, sitting by designation.

hiring and supervision. The District Court[1] granted Domino's motion for summary judgment. We affirm.

## I.

Because the case comes to us on appeal from the grant of a summary judgment, we state the facts in the light most favorable to the party opposing that motion, here the plaintiff, Ms. Poe. Domino's hired Mr. Sturtz in early 1994. On March 7th of that year, he was distributing pizza coupons door-to-door near the college Ms. Poe attended in Cedar Rapids, Iowa. Ms. Poe was waiting at a bus stop, and Mr. Sturtz approached her, told her she had missed the bus, and offered her a ride. Ms. Poe declined and told him she would wait for the next bus. Mr. Sturtz asked Ms. Poe where she was going, and, when she told him, said he was going that way. Mr. Sturtz told Ms. Poe he worked for Domino's and that it would be okay for her to ride with him, and he showed her the coupons he was passing out. Ms. Poe got into the car, and Mr. Sturtz drove to a remote area of Cedar Rapids where, at knife-point, he raped Ms. Poe.

Mr. Sturtz had previous convictions for sexual assault and abuse, and when he applied for a job with Domino's, he lied on the form, saying he had never been convicted of a felony. Ms. Poe alleges that it was negligent of Domino's to fail to check Mr. Sturtz's criminal background thoroughly, to ensure that he had a two-year uninterrupted driving record, and to follow up with the references Mr. Sturtz provided. She also alleges that Domino's violated its own policy by not supervising Mr. Sturtz while he was distributing the coupons. Under Iowa law, however, the case turns on whether a special relationship existed between Domino's and Ms. Poe that gave rise to a legal duty owed by Domino's to Ms. Poe. We conclude that the District

---

[1] The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

Court did not err when it held that Ms. Poe failed to establish the existence of such a duty.

## II.

The plaintiff concedes that Mr. Sturtz was not acting within the scope of his employment when he committed the acts complained of. The theory of respondeat superior is therefore not available as a basis of liability in this case. Plaintiff proceeds on a theory of negligent hiring. The Iowa courts hold that a special relationship must exist in order for the plaintiff to prevail in a negligent-hiring case. See D.R.R. v. English Enterprises, CATV, 356 N.W.2d 580, 584 (Iowa App. 1984). Whether a duty exists is a matter for the court to determine. Burton v. Des Moines Metropolitan Transit Authority, 530 N.W.2d 696, 699 (Iowa 1995).

The District Court reviewed three factors to determine whether a special relationship existed: whether the plaintiff and the employee were in places where each had a right to be when the wrongful act occurred; whether the plaintiff met the employee as a direct consequence of the employment; and whether the employer would receive some benefit, even if only a potential or indirect benefit, from the meeting of the employee and the plaintiff had the wrongful act not occurred. The Court held that Domino's did not cause the meeting between Ms. Poe and Mr. Sturtz, that the meeting did not arise out of Mr. Sturtz's employment, and that Domino's received no benefit from the meeting. Ms. Poe was not a customer of Domino's, nor was she an owner or resident of a house where Mr. Sturtz was going to leave an advertisement for Domino's.

Ms. Poe claims there was a special relationship because Domino's considers all members of the public to be potential customers and encourages its drivers to have frequent contact with targeted customers such as college students. She also argues that Mr. Sturtz lured her into his car by telling her he worked for Domino's and by

showing her the coupons he was distributing. The District Court found this unpersuasive, and, under Iowa law, so do we. Ms. Poe was not a customer, and she was not one to whom Domino's owed a duty because of its coupon distribution. She got into Mr. Sturtz's car for the purpose of getting a ride to her destination. We believe the District Court correctly held there was no special relationship. Ms. Poe had no more connection with Domino's than any other member of the general public that Mr. Sturtz might have victimized.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-